**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

JONATHAN LEDIN, )
)
          Plaintiff, ) **CIVIL ACTION**
)
v. ) No. 14-1004-MLB
)
WELLS FARGO BANK, N.A., )
)
          Defendant. )
)

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss. (Doc. 7). The motion has been fully briefed and is ripe for decision.[1] (Docs. 8, 10). Defendant's motion is granted for the reasons herein.

**I. Facts and Procedural History**

Plaintiff's father, Charles Ledin, obtained a mortgage for property in Hutchinson, Kansas, from defendant Wells Fargo Bank. In 2008, defendant issued a 1099-C, "Cancellation of Debt," to Charles Ledin in the amount of $23,245.01. Plaintiff alleges that the 1099-C released the mortgage on the property and defendant violated the Mortgage Forgiveness Debt Relief Act by attempting to enforce the mortgage.

On June 15, 2009, plaintiff filed an action in the District Court of Reno County, Kansas, to quiet title. Plaintiff sought the release of defendant's lien and a declaration that plaintiff was not obligated to pay the outstanding mortgage. On August 13, 2010, the

---

[1] Defendant did not file a reply and the time for doing so has now passed.

court entered a judgment in favor of defendant and held that the mortgage was a valid and enforceable lien against the property.

Plaintiff appealed the judgment. During the appeal, plaintiff and defendant entered into a settlement agreement. Plaintiff agreed to list the property for sale within sixty days of the agreement, pay defendant $13,000 from the sale proceeds, dismiss the appeal and release all claims against defendant. Plaintiff, however, failed to comply with the terms of the agreement. Defendant filed a motion to dismiss the appeal and confirm the settlement agreement. The Kansas Court of Appeals entered an order granting defendant's motion and dismissed the appeal. Plaintiff filed a petition for review with the Kansas Supreme Court and it was denied.

On May 15, 2012, plaintiff filed another action in Reno County. Plaintiff alleged that the settlement agreement was unconstitutional and that defendant illegally attempted to foreclose on the property by forcing him to list the property for sale. Plaintiff sought money damages, a release from the mortgage and an injunction to prevent the sale of the property. In July 2012, plaintiff agreed to a dismissal of his claims, with prejudice. On September 19, 2012, plaintiff was sanctioned by the district court for his filings in the 2009 case.

On January 3, 2014, plaintiff filed this action. Plaintiff alleges that defendant has violated the Mortgage Forgiveness Debt Relief Act by attempting to enforce the mortgage and by issuing a fraudulent 1099-C. Plaintiff seeks an order invalidating the mortgage and a money judgment in the amount of $55 billion.

Defendant moves for dismissal on the basis of res judicata, settlement and waiver.

**II.  Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known.  To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon this court's consideration.  Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007).  In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Analysis**

    **A.  Res Judicata**

Whether a prior judgment bars relitigation of a claim or issue is addressed by the doctrine of res judicata.  See Jackson Trak Group, Inc. v. Mid States Port Authority, 242 Kan. 683, 690, 751 P.2d 122 (1988).  In Kansas, the doctrine encompasses both issue preclusion, i.e. collateral estoppel, and claim preclusion.  Id.

### Claim Preclusion

The concept of claim preclusion requires that the following four elements be satisfied: (1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits.  Winston v. Kansas Dept. of SRS, 274 Kan. 396, 413, 49 P.3d

1274, cert. denied 537 U.S. 1088 (2002).

Although plaintiff's claims are worded somewhat differently, the court finds that they are identical. This is because, for purposes of claim preclusion, the term claim "connotes a natural grouping or common nucleus of operative facts." Stanfield v. Osborne Industries, Inc., 263 Kan. 388, Syl. ¶ 5, 949 P.2d 602 (1997), cert. denied 525 U.S. 831 (1998). Plaintiff's allegations of fraud concerning the attempts to collect on the mortgage share the common nucleus of operative facts that were present in both of the state cases. Moreover, these allegations of fraud could have been raised in state court because they allegedly occurred prior to the second state action. Finally, plaintiff's claims were adjudicated on the merits. Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06, 121 S. Ct. 1021 (2001) (noting that using the words "with prejudice" in an order of voluntary dismissal "is an acceptable form of shorthand for an adjudication upon the merits").

Therefore, plaintiff's complaint is barred by the doctrine of claim preclusion.

**B.  Waiver**

Moreover, the court would dismiss plaintiff's complaint because he waived all claims concerning the mortgage in the settlement agreement. The agreement contains the following provision:

> [Plaintiff and defendant] . . . release and discharge each other from any and all claims, demands, actions, causes of action . . . which they may now or hereafter have or claim to have against each other . . . based in whole or in part upon, relating to, or existing by reasons of the facts and circumstances . . . that were asserted or could have been asserted in the Lawsuit.

(Doc. 8, exh. C at 2-3).

The settlement agreement was confirmed by the Kansas Court of Appeals and plaintiff has failed to allege facts which would suggest that the agreement is not valid and enforceable.[2]

Therefore, plaintiff's claims are barred by the settlement agreement.

## IV. Conclusion

Defendant's motion to dismiss is granted. (Doc. 7).

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 3 double-spaced pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this 28th day of February 2014, at Wichita, Kansas.

s/Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's allegations that defendant somehow failed to act with respect to the settlement agreement is incomprehensible. The settlement agreement clearly requires plaintiff to act in dismissing his claims and listing his property for sale. Plaintiff fails to point to any provision in the settlement agreement which defendant has breached.

-5-